IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CIVIL ACTION |
| | : | |
| v. | : | No. 93-454 |
| | : | |
| STEPHEN MATHIES | : | |

**NORMA L. SHAPIRO, J.**                                                                              **OCTOBER 23, 2012**

## MEMORANDUM

Petitioner Stephen Mathies ("Mathies") filed a *pro se* motion to modify his term of imprisonment under 18 U.S.C. § 3582(c)(2) on the basis of an amendment to the Sentencing Guidelines ("the Guidelines"). For the reasons set forth below, the motion will be denied.

**I.      BACKGROUND**

Mathies was convicted in the Eastern District of Pennsylvania of conspiracy to commit an armed robbery affecting interstate commerce, in violation of 18 U.S.C. § 1951 (Hobbs Act), and aiding and abetting the use of a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). On May 19, 1995, the Honorable Joseph L. McGlynn, Jr. sentenced Mathies to 240 months imprisonment on the robbery charge and 60 months imprisonment on the firearm charge (to run consecutively). The Court of Appeals affirmed the conviction and sentence. Judge McGlynn denied a motion to vacate pursuant to 28 U.S.C. § 2255. The Court of Appeals denied Mathies' request for a certificate of appealability.

On October 5, 2010, Mathies wrote a letter challenging the Federal Bureau of Prisons' execution of his sentence.[1] This court determined that the letter was properly construed as a motion under 28 U.S.C. § 2241. Because Mathies was incarcerated in New Jersey, the court transferred his motion to the District of New Jersey.

The Honorable Timothy S. Hillman in the District of New Jersey ordered that Mathies file an amended petition under § 2241. Mathies' amended petition challenged the calculation, not the execution, of his sentence. Mathies also argued that his lawyer was ineffective for failing to object to his sentence. Judge Hillman determined that Mathies' motion was a second or successive habeas petition under § 2255. *Mathies v. Schultz*, 2011 WL 5599591 (D.N.J. Nov. 16, 2011). The court did not have jurisdiction to consider the petition because Mathies had not received permission to file it from the Court of Appeals. *Id.* at *3. Judge Hillman, concluding that transfer was not in the interest of justice, declined to transfer the petition, and he dismissed it without prejudice. *Id.* at *4. Mathies did not appeal.[2]

## II.   DISCUSSION

A sentencing court may reduce a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). A sentence may be reduced under 18 U.S.C. § 3582(c)(2) only when the Sentencing Commission ("the Commission") designates an amendment as retroactive and only if the amendment would actually reduce the defendant's guideline range. *U.S. Sentencing Guidelines Manual* § 1B1.10 (1993).

---

[1] Mathies' case was reassigned to this court's docket following Judge McGlynn's death.
[2] Mathies did file several motions for a new trial, all of which the district court denied. *See United States v. Mathies*, 1994 WL 413142 (E.D. Pa. Aug. 5, 1994); 1995 WL 303637 (E.D. Pa. May 17, 1995); 1996 WL 82479 (E.D. Pa. Feb. 26, 1996).

When the district court sentenced Mathies, it applied the 1993 version of the Guidelines, which was in effect at the time. *See id.* Under § 2B3.1(a) of the Guidelines, the base offense level for robbery was 20. This offense level was increased to 32, pursuant to § 4B1.1, because Mathies was a career offender.[3] The range for the Hobbs Act offense at level 32 was 210 to 262 months. The sentencing court imposed a sentence of 240 months, the maximum penalty under 18 U.S.C. § 1951. The court also imposed the mandatory consecutive sentence of 60 months for the § 924(c) offense. *Id.* §2K2.4.

The sentencing court did not apply any special offense characteristic for the use of a firearm in connection with the underlying crime of violence, even though use of a firearm is listed as a special offense characteristic under § 2B3.1. This is because Application Note 2 of § 2K2.4 directed that, if a defendant was subject to a consecutive sentence under § 924(c), the court should not apply any special offense characteristic for use of a firearm in connection with the underlying crime of violence.[4] *See* Presentence Report ¶ 14.

Mathies argues that Amendment 599, issued November 1, 2000 and designated by the Commission as retroactive, *see United States v. Goines*, 357 F.3d 469 (4th Cir. 2004), renders the sentencing court's calculation incorrect and reduces his guideline range. He contends that the amendment would eliminate his § 924(c) offense entirely.

---

[3] Mathies was designated a career offender because he committed two crimes of violence before committing the robbery offenses. In 1978, he was convicted of aggravated assault, and in 1979, he was convicted of voluntary manslaughter. Presentence Report ¶ 23.

[4] Application Note 2 provided: "Where a sentence under this section is imposed in conjunction with a sentence for an underlying offense, any specific offense characteristic for the possession, use, or discharge of an explosive or firearm (e.g., §2B3.1(b)(2)(A)-(F) (Robbery)) is not to be applied in respect to the guideline for the underlying offense." *U.S. Sentencing Guidelines Manual* § 2K2.4 n.2 (1993).

Amendment 599 altered the notes to § 2K2.4, including Application Note 2.[5] It clarified under what circumstances defendants sentenced for violations of § 924(c) in conjunction with convictions for other offenses may receive weapon enhancements for those other offenses. *See United States v. Willis*, 467 Fed. Appx. 111, 112 n.1 (3d Cir. 2012). The amended note listed additional scenarios in which the sentencing court would not apply a special offense characteristic. For example, the court would not apply a special offense characteristic where a defendant used a gun in one crime and was also convicted under § 924(c) for using a gun on another occasion. The note specified only one instance in which a special offense characteristic should be applied: "if a defendant is convicted of two armed bank robberies, but is convicted under 18 U.S.C. § 924(c) in connection with only one of the robberies, a weapon enhancement would apply to the bank robbery which was not the basis for the 18 U.S.C. § 924(c) conviction." *U.S. Sentencing Guidelines Manual* § 2K2.4 n.2 (2000).

Amendment 599 broadened the rule set out in Application Note 2 to apply to a greater number of offenses, but it did not reduce Mathies' sentence. In calculating Mathies' sentence, the sentencing court did not apply any special offense characteristic, so under the amended

---

[5] The 2000 version of Application Note 2 stated, in relevant part:
> If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense. A sentence under this guideline accounts for any explosive or weapon enhancement for the underlying offense of conviction, including any such enhancement that would apply based on conduct for which the defendant is accountable under §1B1.3 (Relevant Conduct). . . . However, if a defendant is convicted of two armed bank robberies, but is convicted under 18 U.S.C. § 924(c) in connection with only one of the robberies, a weapon enhancement would apply to the bank robbery which was not the basis for the 18 U.S.C. § 924(c) conviction.

*U.S. Sentencing Guidelines Manual* § 2K2.4 n.2 (2000). The remainder of the note provides more specific instances in which the sentencing court should not apply a special offense characteristic.

In the most recent version of the Guidelines, adopted November 1, 2011, the text of Application Note 2 appears instead as Application Note 4. The text itself has not been altered from the 2001 version. *See U.S. Sentencing Guidelines Manual* § 2K2.4 n.2 (2011).

Application Note 2, the result would be the same. Amendment 599 did not eliminate the § 924(c) offense. Mathies' motion must be denied.

### III.     CONCLUSION

The motion to modify the term of imprisonment is denied. An appropriate order follows.