IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| | : | |
| v. | : | Criminal No. 93-454 |
| | : | |
| STEPHEN MATHIES | : | |

**NORMA L. SHAPIRO, J.**                                                                 **OCTOBER 23, 2012**

## MEMORANDUM

Petitioner Stephen Mathies ("Mathies"), a prisoner in federal custody, filed a *pro se* motion for equitable relief under Federal Rule of Civil Procedure 60(b). Mathies challenges the sentencing court's calculation of his sentence and argues that his lawyer was ineffective for failing to object to his sentence. He also challenges the denial of his previous habeas corpus petition. The equitable relief motion will be denied because this court lacks jurisdiction to consider it.

**I.      BACKGROUND**

Mathies was convicted in the Eastern District of Pennsylvania of conspiracy to commit an armed robbery affecting interstate commerce, in violation of 18 U.S.C. § 1951 (Hobbs Act), and aiding and abetting the use of a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). On May 19, 1995, the Honorable Joseph L. McGlynn, Jr. sentenced Mathies to 240 months imprisonment on the robbery charge and 60 months imprisonment on the firearm charge (to run consecutively). The Court of Appeals affirmed the conviction and sentence. Judge

McGlynn denied a motion to vacate pursuant to 28 U.S.C. § 2255. The Court of Appeals denied Mathies' request for a certificate of appealability.

On October 5, 2010, Mathies wrote a letter challenging the Federal Bureau of Prisons' execution of his sentence.[1] This court determined that the letter was properly construed as a motion under 28 U.S.C. § 2241. Because Mathies was incarcerated in New Jersey, the court transferred his motion to the District of New Jersey.

The Honorable Timothy S. Hillman in the District of New Jersey ordered that Mathies file an amended petition under § 2241. Mathies' amended petition challenged the calculation, not the execution, of his sentence. Mathies also argued that his lawyer was ineffective for failing to object to his sentence. Judge Hillman determined that Mathies' motion was a second or successive habeas petition under § 2255. *Mathies v. Schultz*, 2011 WL 5599591 (D.N.J. Nov. 16, 2011). The court did not have jurisdiction to consider the petition because Mathies had not received permission to file it from the Court of Appeals. *Id.* at *3. Judge Hillman, concluding that transfer was not in the interest of justice, declined to transfer the petition, and he dismissed it without prejudice. *Id.* at *4. Mathies did not appeal.[2]

Mathies now seeks equitable relief under Federal Rule of Civil Procedure 60(b).

**II.   DISCUSSION**

In his Rule 60(b) motion, Mathies raises the same challenges as in his § 2241 petition in the District of New Jersey. He argues that: 1) his sentence was incorrectly calculated by the sentencing court; 2) he was actually innocent of the enhancement element; and 3) counsel was

---

[1] Mathies' case was reassigned to this court's docket following Judge McGlynn's death.
[2] Mathies did file several motions for a new trial, all of which the district court denied. *See United States v. Mathies*, 1994 WL 413142 (E.D. Pa. Aug. 5, 1994); 1995 WL 303637 (E.D. Pa. May 17, 1995); 1996 WL 82479 (E.D. Pa. Feb. 26, 1996).

ineffective for failing to object to his sentence. Mathies also asserts that the district court erred in denying him habeas relief under the "safety valve" exception, which allows a petitioner to resort to § 2241 if the remedy under § 2255 would be inadequate or ineffective.

Rule 60(b) allows a party to seek relief from a final judgment under a limited set of circumstances, including fraud and mistake. Subsection (6) serves as a catch-all provision; it provides that a court may grant relief for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). "Rule 60(b)(6) is available only in cases evidencing extraordinary circumstances." *Martinez-McBean v. Gov't of Virgin Is.*, 562 F.2d 908, 911 (3d Cir. 1977). It may not be used "as a substitute for appeal" or when the petitioner could have "reasonably sought the same relief" through some other means. *Id.*

This court must first determine whether this motion is properly brought under Rule 60(b)(6) or whether it is actually a habeas petition subject to the restrictions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. §§ 2241-2266. AEDPA governs habeas corpus petitions for prisoners in federal custody. Under AEDPA, a petitioner may not bring a second or successive habeas motion unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence. 28 U.S.C. 2244(b)(2); *see Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005). A second or successive petition must be certified by the Court of Appeals as meeting one of these requirements. 28 U.S.C. 2244(b)(3).

A motion filed under Rule 60(b) is really a habeas petition if it attempts to attack collaterally the petitioner's conviction and/or sentence. When the petitioner has previously filed a federal habeas petition, the purported Rule 60(b) motion is considered a second or successive

habeas motion if it "seeks to add new ground for relief" or "attacks the federal court's previous resolution of a claim *on the merits*." *Crosby*, 545 U.S. at 532. Allowing a petitioner to present such challenges as a Rule 60(b) motion would "circumvent[] AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts." *Id.* at 531.

There is a narrow exception for a Rule 60(b) motion attacking not "the substance of the federal court's resolution of a claim" but a "defect in the integrity of the federal habeas proceedings." *Id.* at 532. When the petitioner attacks a previous ruling on a nonmerits basis (*e.g.*, denial for failure to exhaust or a statute-of-limitations bar), the motion is a true Rule 60(b) motion, and the petitioner is not subject to AEDPA restrictions. *Id.* at 532 n.4; *Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004).

Mathies' motion is a successive habeas petition. He plainly seeks collateral review of his conviction and sentence, which he can obtain only under § 2255. In challenging the district court's decision denying him habeas relief under § 2241, Mathies asks this court to review the District of New Jersey court's resolution of his claim on the merits, not a nonmerits aspect of the district court's decision.

This court does not have jurisdiction to review Mathies' successive habeas petition under § 2255 because Mathies has not received permission to file it from the Court of Appeals.[3]

---

[3] If Mathies had received authorization from the Court of Appeals, this court would have jurisdiction to consider his § 2255 petition because Mathies was sentenced in the Eastern District of Pennsylvania. Challenges to the validity of a federal prisoner's conviction or sentence must be presented to the sentencing court, 28 U.S.C. § 2255; challenges to the execution of a prisoner's sentence must be brought in the jurisdiction of confinement, 28 U.S.C. § 2241.

**III.     CONCLUSION**

The motion for equitable relief will be denied. An appropriate order follows.