IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL NO. 93-454 |
| v. : | |
| : | |
| STEPHEN MATHIES : | |

**NORMA L. SHAPIRO, J.**                                              **JANUARY 30, 2014**

## MEMORANDUM

On August 12, 2013, petitioner Stephen Mathies ("Mathies"), a prisoner in federal custody, filed a *pro se* Motion for Reconsideration (paper no. 87) of the court's October 24, 2012 Order and Opinion (papers no. 83 and 84) denying petitioner's Motion for Relief from a Judgment or Order under Fed. R. Civ. P. 60(b) (paper no. 76). The Motion for Reconsideration will be denied as untimely because the Court of Appeals for the Third Circuit has already affirmed the court's denial of petitioner's 60(b) motion. The Court of Appeals has denied petitioner permission to file a successive *habeas* petition and this court lacks jurisdiction to consider petitioner's claims absent such permission.

I.      BACKGROUND

Mathies was convicted in the Eastern District of Pennsylvania of conspiracy to commit an armed robbery affecting interstate commerce, in violation of 18 U.S.C. § 1951 (Hobbs Act), and of aiding and abetting the use of a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). On May 19, 1995, the Honorable Joseph L. McGlynn, Jr. sentenced Mathies to 240 months imprisonment on the robbery charge and 60 months consecutive imprisonment on the firearm charge. The Court of Appeals for the Third Circuit affirmed the conviction and sentence. On June 15, 1998, Judge McGlynn denied Mathies's motion to vacate pursuant to 28 U.S.C. § 2255; the Court of Appeals later denied Mathies's requests for a certificate of appealability and for permission to file a second or successive petition under § 2255. On June 22, 2006, after Mathies attempted to reopen these matters, the Court of Appeals denied relief

because his earlier petitions had been denied on the merits and he could not seek further collateral relief without permission of the Court of Appeals.

On October 5, 2010, Mathies wrote a letter challenging the Federal Bureau of Prisons' execution of his sentence.[1]  This court construed the letter as a *habeas* petition under 28 U.S.C. § 2241 and, because Mathies was incarcerated in New Jersey at the time, transferred his petition to the District of New Jersey (docketed there as *Mathies v. Schultz*, No. 10-6314).  The Honorable Timothy S. Hillman ordered Mathies to file an amended petition under § 2241 on the appropriate form.  In his amended petition, Mathies challenged the calculation of his prison sentence, not its execution.  Judge Hillman determined Mathies's purported § 2241 petition was a second or successive habeas petition under § 2255.

Judge Hillman denied the amended petition for lack of jurisdiction because a petition challenging the imposition of a sentence could be presented only to the sentencing court.  Judge Hillman declined to transfer the matter to the sentencing court because Mathies was barred from presenting a successive § 2255 petition without permission of the Court of Appeals.  Mathies did not appeal Judge Hillman's order but filed a motion seeking equitable relief under Fed. R. Civ. P. 60(b)(6) in the Eastern District of Pennsylvania.

Mathies's Rule 60(b) motion raised the same challenges as his amended New Jersey petition.  This court, interpreting this motion as another successive habeas petition, denied it on October 24, 2012, because Mathies sought collateral review of his conviction and sentence again without permission of the Court of Appeals.  Mathies appealed the denial.  The Court of Appeals summarily denied petitioner's appeal on April 13, 2013.

On August 12, 2013, Mathies filed the pending Motion for Reconsideration of this court's October 24, 2012 Order denying his Rule 60(b) motion.

II.     DISCUSSION

Petitioner's Motion for Reconsideration is untimely.  Fed. R. Civ. P. 59(e) requires a motion for reconsideration be filed "no later than 28 days after the entry of judgment," and Local Rule 7.1(g) requires such motions be filed "within 14 days after the entry of judgment."  The

---

[1] Mathies's case was reassigned to this court's docket following Judge McGlynn's death.

court's Order denying petitioner's 60(b) motion was issued on October 24, 2012, and the pending motion for reconsideration was not filed until August 12, 2013, over 290 days later. In the interim, the Court of Appeals affirmed this court's denial of petitioner's 60(b) motion.

Even if considered on the merits, petitioner's Motion for Reconsideration, relying on *McQuiggin v. Perkins*, 569 U.S. __, 133 S.Ct. 1924, 185 L.Ed.2d 1019 (2013), is unpersuasive. The Supreme Court has allowed "a credible showing of actual innocence" as a "gateway through which a [*habeas*] petitioner may pass whether the impediment is a procedural bar . . . or . . . the expiration of the statute of limitations." The Court has defined "actual innocence" as a showing that in light of new evidence, "no juror, acting reasonably, would have voted to find [the defendant] guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 329 (1995). Just as petitioner Perkins failed to present such evidence in *McQuiggin*, petitioner Mathies has failed to present such evidence here. Mathies alleges only that, at the time of sentencing, the sentencing court improperly classified him as a career offender in determining his base offense level under the Federal Sentencing Guidelines. Sentencing error does not meet petitioner's burden of showing actual innocence. The relevant showing is one of actual innocence of the crime for which petitioner was convicted, not actual innocence regarding a particular sentencing guideline determination.

III.     CONCLUSION

The Motion for Reconsideration will be denied. An appropriate Order follows.